PEOPLE, PLAINTIFF AND APPELLEE, *v.* MORALES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Assault and Battery.

No. 1998.—Decided April 9, 1923.

ASSAULT AND BATTERY — CONTINUANCE — OCULAR INSPECTION — DISCRETION OF COURT.—The appellant not having shown that the court abused its discretion in refusing to grant a continuance and in ruling on the matter of an ocular inspection, it is necessary to conclude that the errors assigned were not committed.

ID.—ASSAULT WITH INTENT TO COMMIT RAPE—AGGRAVATED ASSAULT AND BATTERY—INSTRUCTION TO JURY.—The crime charged was that of assault with intent to commit rape. In his charge the judge instructed the jury that in accordance with the evidence they could find a verdict of guilty of aggravated assault and battery because the assailed was a woman. The judge did not refer to the fact that in that case the defendant must be an adult male. The defendant made no objection and the jury found him guilty of aggravated assault and battery. The question being raised on appeal,

it was *held:* That although the instruction was defective, considering all of the attending circumstances the error was not prejudicial and did not justify a reversal of the judgment.

The facts are stated in the opinion.

*Mr. B. Esteves* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The defendant was charged with the crime of assault with the intent to commit rape. A day was set for the trial and when the case was called the defendant moved for a continuance because of the absence of two of his witnesses who would testify that on the day to which the information refers the defendant was working with them at a place very distant from that in which the crime was alleged to have been committed. The court overruled the motion and the trial was begun. The district attorney examined his evidence. The defendant moved that the jury inspect the place where the crime was said to have been committed. The judge said to the jury that in his opinion an ocular inspection should not be granted, but that he left the matter to the jury. The jury decided that an inspection was not necessary. The defendant then moved the court for an instructed verdict of not guilty for the reason that the testimony of the woman had not been corroborated. The court overruled the motion and submitted the case to the jury on instructions so that the jury might consider the case as a whole and find such a verdict as they thought proper. One of the instructions was as follows:

"If from the evidence examined you believe that the defendant attempted to throw this woman down with the intention of raping her, you should bring in a verdict of guilty of assault with intent to commit rape. If the evidence shows aggravated assault and battery; for example, if the intention of the defendant was to beat this woman or to avenge himself against her husband, then you should bring in a verdict of aggravated assault and battery

for the reason that the alleged victim is a woman. If you believe that neither of the two crimes was committed, you should find a verdict of not guilty. If you have a reasonable doubt that a crime was committed, then it is your duty to give the defendant the benefit of that doubt and to bring in a verdict of not guilty.''

The jury found the defendant guilty of aggravated assault and battery. The defendant moved for a new trial and the motion was overruled. The court sentenced the defendant to two years in jail, whereupon the defendant took the present appeal from the order refusing a new trial and from the judgment. In his brief he assigns and discusses six errors. In arguing the error committed by the court in instructing the jury on aggravated assault and battery, the appellant says:

''We are of the opinion that this instruction is erroneous because it led the jury to believe that the fact that the victim was a woman was of itself sufficient to make the assault and battery aggravated.

''Nothing was said to the jury regarding the age of the defendant, an essential element in aggravated assault and battery, for the aggressor must be an *adult* male and the defendant a woman. This element, the Supreme Court has held, must be established by the evidence and there is no presumption that the court (or the jury) estimated the age of the defendant from his appearance. (People v. Ortiz, 29 P. R. R. 467.)''

There is one thing in the appellant's brief that we think it well to transcribe. It reads:

''It seems proper for us to say that it is not our purpose at this time to ask the Supreme Court for a new trial, for this would expose the defendant to conviction of a greater crime; but in any event, the jury having brought in a *void* verdict and the district court having admitted it, the judgment based on that verdict is also *void;* therefore, the defendant should be acquitted unless the Supreme Court should exercise its authority to correct the judgment so that it may conform to the evidence, finding in that case the defendant guilty of simple assault and battery and sentencing him according to law.''

As regards the motion for a continuance, it will suffice to say that the circumstances in which it was overruled do not show an abuse of discretion on the part of the court. The question of the ocular inspection was settled by the jury and it was not shown to the jury or to this court that an inspection was absolutely necessary. Nothing indicates that the court abused its discretion in that matter.

The instruction of the court on assault and battery is undoubtedly deficient. It should have referred to the age of the defendant, but the defendant did not object or ask that the instruction be completed. Besides, the evidence shows a sufficient basis for convicting the defendant of the greater crime with which he was charged; therefore, the instruction and the verdict were favorable to him. *People* v. *Figueroa,* 16 P. R. R. 354; *People* v. *Solares* 19 P. R. R. 423.

By reason of the foregoing and no prejudicial error having been shown, the appeal must be dismissed and the judgment

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.